# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 4, 2022

Lyle W. Cayce
Clerk

No. 20-20563
Summary Calendar

JINSUN, L.L.C.,

*Plaintiff—Appellee*,

*versus*

ALIDAD MIRESKANDARI,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC 4:13-CV-1238

---

Before OWEN, *Chief Judge*, and DENNIS and HO, *Circuit Judges*.

PER CURIAM:*

Jinsun, L.L.C. filed a motion to recover attorney's fees incurred as a result of Alidad Mireskandari's post-trial discovery abuses. The district court awarded $73,824.91. We AFFIRM.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20563

Following Mireskandari's deceptive post-trial conduct, Jinsun sought sanctions and requested recovery of certain attorney's fees with the presiding magistrate judge.   Jinsun originally sought $252,711.39 in fees, but Mireskandari objected on various grounds, and the magistrate judge settled on a $73,824.91 award, less than thirty percent of the amount prayed for.  The district judge affirmed the magistrate's award, concluding that the magistrate's order was neither clearly erroneous nor contrary to law. Mireskandari appealed, seeking a further reduction of the amount awarded.

Federal courts have the inherent authority to sanction conduct abusive of the judicial process, including ordering one party to pay the opposing party's attorney's fees.[1]  We review the district court's award of attorney's fees for an abuse of discretion, and we review those findings of fact supporting the award for clear error.[2]   "The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection.  So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."[3]   This court "must give substantial deference" to the trial court's determination.[4]

The district court did not abuse its discretion when it affirmed the magistrate's award of attorney's fees.  The record reveals that the magistrate judge carefully reviewed Jinsun's request for fees and accompanying documentation before ultimately concluding that certain hours billed by Jinsun's counsel were reasonable.  Mireskandari filed objections to Jinsun's request, some of which were sustained, and others of which were not.  For

---

[1] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).

[2] *Bear Ranch, L.L.C. v. Heartbrand Beef, Inc.*, 885 F.3d 794, 803 (5th Cir. 2018).

[3] *Fox v. Vice*, 563 U.S. 826, 838 (2011).

[4] *Id.*

No. 20-20563

example, the magistrate judge agreed that Jinsun could not recover fees incurred from an ancillary New Jersey proceeding, but disagreed that Jinsun's request was unreasonable because of impermissible block billing, improper billing increments, or lack of adequate documentation.   The magistrate explained its reasoning, applied the correct legal standard, and concluded that $73,824.91 was a reasonable award.  Mireskandari has failed to overcome the deference we accord the district court, citing to no authority suggesting that the district court abused its discretion.

*     *     *

We AFFIRM the district court's judgment.